Abraham N. Geller, J.
Defendant moves to open his default to answer and vacate the judgment entered upon said default.
*998 The default was suffered apparently by reason of some com fusion on the part of defendant’s attorney as to certain procedural steps. Just prior to the last day to answer the complaint he served a notice of motion and affidavit returnable 11 days later for an order directing plaintiffs to add defendant’s sister as an indispensable party defendant. Since no order to show cause was obtained, staying proceedings of plaintiffs until the determination of said motion and extending defendant’s time to answer, defendant was in default for failure to answer when the last day to answer arrived. The motion did not raise an objection to the complaint in a point of law and is not one of the motions set forth in section 283 of the Civil Practice Act, with respect to which defendant’s time to answer is automatically extended until 10 days after service of a copy of the order denying the motion with notice of entry.
It appears that this procedural lapse of defendant’s attorney may have been occasioned by personal troubles at the time; his father died several hours before these motion papers were served. The default would on this ground have been excusable.
However, a defaulting defendant must also satisfy the court that he has a defense to the action. It is on this ground that the motion to vacate must be denied. There is no point in opening a default if it is evident from defendant’s own papers that there can be no defense.
Defendant and his sister are the sole and equal stockholders of the plaintiff corporations which own 17 parcels of real property. It appears from the papers that a number of years ago defendant signed and turned over to his sister his shares of stock in these corporations to be held for him under certain conditions, the precise terms of which are not made clear. Defendant alleges that such transfer was effected by trick, fraud and duress and that his repeated demands for the return of his stock have been refused.
He states that being fearful, that if he predeceased his sister, his -widow would find it difficult to prove his interest in the properties, he “ caused to be transferred the real properties by deeds to myself and my sister equally as tenants in common.” It appears, however, that four of the deeds of parcels owned by plaintiff British Brokers, Ltd., were made out to defendant alone.
This action was immediately instituted by the various corporations as plaintiffs to cancel and expunge from record, as a cloud upon title, these deeds purporting to be conveyances of the 17 parcels owned by plaintiff corporations but allegedly executed by defendant without authority. This was the sole relief *999 requested in the complaint and incorporated in the default judgment.
Inspection of the deeds reveals that defendant executed all of them, some as president of several corporations but most as secretary of the other corporations. The required acknowledgment appearing on each of them states that the corporate seal ‘ ‘ was so affixed by order of the board of directors of said corporation. ’ ’ That was palpably a false statement. It is conclusively demonstrated from defendant’s own affidavits that he had no authority to execute any of these deeds on behalf of the plaintiff corporations and that he “ took the law into his own hands ” because he felt that he had a grievance. It is abundantly clear that he has no defense to this action to cancel the unauthorized deeds, whatever course of legal action he may decide to take with respect to his claims against his sister or with relation to his interests in the corporations.
Defendant’s motion to require the adding of his sister as an indispensable party to this action (Civ. Prac. Act, § 193) on the purported ground that she was necessary because she was a cotenant of the deeds under attack but on the real ground that he hoped thereby to assert counterclaims against her, would convert this simple and direct action for unquestioned relief into a lawsuit actually involving only the counterclaims against his sister. Such relief is obtainable by direct suit and not by the subterfuge of executing unauthorized deeds.
Defendant challenges the authority of his sister to bring this action in the name of the plaintiff corporations. The complaint was verified by her as the president of one of the corporations and thus complied with the rule governing verification of pleadings. It seems that she is the president of most, but not all, of the plaintiff corporations.
While, ordinarily, a president of a corporation has no authority without approval of the board of directors to sue, in the name of the corporation, an insider or one in equal control and the only available remedy is in the form of a stockholder’s derivative action (Sterling Inds. v. Ball Bearing Pen Corp., 298 N. Y. 483; Tidy-House Corp. v. Adlman, 4 A D 2d 619), such authority does exist where an emergency situation has arisen requiring prompt action to preserve and protect the interests of the corporation (West View Hills v. Lisau Realty Corp., 6 N Y 2d 344; Rothman & Schneider v. Beckerman, 1 A D 2d 154, 157, affd. 2 N Y 2d 493).
Plaintiff corporations were placed in jeopardy arising from complete loss of title by defendant’s unauthorized conveyances and also with respect to insurance protection and possible tax *1000 consequences. The highhandedness of defendant’s assumption of sole authority is best illustrated in the case of the four deeds of British Brokers, Ltd., which he gave to himself alone. The action instituted by the sister in the name of the corporations merely sought to restore without delay the status quo as to title ■ — a measure necessary to preserve the corporate interest as legally maintained for many years by defendant and his sister.
Defendant’s sister had sufficient authority to maintain this action for such a limited purpose in the name of the corporations. But assuming she had no such authority, defendant cannot assert any objection thereto. His right to challenge the capacity of plaintiffs to bring this action must be deemed waived by his failure to raise it by motion prior to the expiration of his time to answer. (Ace Tackless Corp. v. Fuhrman, 22 Misc 2d 38.) The motion to open the default and vacate the judgment entered thereon is accordingly denied.