Abraham N. G-eller, J.
Defendant’s attorney by letter dated June 19, 1961 has requested leave to reargue his motion to vacate the default judgment entered against him (No. 47, June 2,1961) and his motion to direct plaintiffs to add a party defendant and to extend his own time to answer (No. 48, June 2,1961). The first-named motion was denied because it was established by defendant’s own papers that there was no defense to this action to cancel corporate deeds executed by him without any authority, and the second-named motion was thereupon dis *1001 missed as academic (29 Misc 2d 997). The court has considered the letter of plaintiffs’ attorneys dated the same day in response thereto.
Actually, the instant application is for renewal, and not reargument, of the motions, since it is based upon a new ground not previously mentioned by defendant.
Defendant’s motion to vacate the judgment conceded his default in failing to answer and in failing to obtain an order to show cause staying proceedings in connection with his motion to add a party and for an extension of time to answer, urging vacatur solely on the ground that the default was excusable. The court, in analyzing the question, referred to section 283 of the Civil Practice Act, and defendant’s attorney has now adopted the position that the motion to add a party is one of the “ corrective or regulatory motion [s] ” included within the scope of section 283, which automatically extends the time to answer as a matter of right until 10 days after service of a copy of the order denying the motion with notice of entry. Defendant thus argues for the first time that he has never been in default and that the entry of the default judgment upon prior ex parte order of the court determining that he was in default was not authorized.
Logically, it would seem that a motion to add a party should not operate to extend a defendant’s time to answer, since his ability to answer the complaint is not affected thereby and such a motion may be made at any stage of the action, as contrasted with the other corrective and regulatory motions which must be served within 20 days from the service of the complaint (Rules Civ. Prac., rule 105). However, while there appears to be no reported case on this point, it is assumed that such a motion is included within the general category of a “ corrective or regulatory motion,” added to section 283 by chapter 247 of the •Laws of 1945, the making of which results in an extension of the time to answer as a matter of right (see Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 241-246; Twelfth Annual Beport of N. Y. Judicial Council, 1946, p. 187; 2 Carmody-Wait, New York Practice, p. 583).
But section 283 contains an exception clause to the effect that said extension of time to answer as a matter of right is operative “ unless the court shall be of the opinion, to be stated in the order, that the objections are frivolous.”
In this case it is quite clear that the grounds of the motion lo add a party are frivolous, that there is no defense to the action and no possible ground for denying plaintiffs the relief requested in the complaint, and that defendant’s sole purpose *1002 in asking for the adding of his sister as an alleged indispensable party defendant is to set up counterclaims against her, which, as pointed out in the court’s prior opinion, can only be done in an independent action against her individually. The sister is hot an indispensable party to this action. She has consented to the entry of judgment herein and is aligned with plaintiffs, having indeed verified the complaint as president of one of the plaintiff corporations, in requesting the relief of cancellation of the unauthorized deeds. She did not become an indispensable party defendant because, without her knowledge and consent, defendant inserted her name in several of the deeds as a cograntee with himself. Under these circumstances her absence as a party defendant does not “ prevent an effective determination of the controversy” (Civ. Prae. Act, § 193). The controversy here relates solely to the cancellation of the deeds executed without semblance of any authority by defendant. "Whatever grievances defendant has may be fully developed in a proper action brought by him, but they cannot be injected into this simple and direct case under the guise of a motion to add a party.
The court accordingly denies the motion to add a party and, being of the opinion that the objections embraced in that motion are frivolous, denies leave to answer. For the reasons set forth in the court’s prior and present opinion, the motion to open defendant’s default is denied.