FRAMPTON, J. pro tem.
 
 *
 

 Appeal by Hayes from a judgment on the pleadings and from an order dissolving a preliminary injunction, and appeal by Risk from order reinstating preliminary injunction pending appeal.
 

 The history of the litigation which spawned the filing of the
 
 *612
 
 action in which these appeals are taken is as follows: On February 9, 1961, Ruth Katherine Risk, hereinafter referred to as Risk, filed an action in the Superior Court of Los Angeles County against Charles Ed Hayes, hereinafter referred to as Hayes, and one Howard Baldwin, This action was numbered NWC 568 in the files of the court. In this action, Risk sought damages for personal injuries and property damage claimed to have been sustained in an automobile accident which occurred in the City of Los Angeles, and which involved a car driven by Hayes and owned by Baldwin. Hayes, it was claimed, was insured under a policy issued by American Motorist Insurance Company, hereinafter referred to as American, with liability thereunder limited to the sum of $10,000. On February 21, 1961, Hayes was served with the complaint and summons in this action. No appearance was made by him in response to this service. On April 18, .1961, Risk filed her first amended complaint in this action and summons was issued thereon. The superior court file shows that the first amended complaint alleges that the accident occurred at a different time and at a different location than that alleged in the original complaint. The record shows that some effort was made to locate and serve Baldwin. This effort proved fruitless and Baldwin was never served with either the original complaint or the first amended complaint.
 

 On June 8, 1962, James J. Oppen, one of the attorneys for Risk, filed an affidavit in support of an order that the service of summons on the first amended complaint be made on Hayes by the publication thereof. This affidavit had attached to it and incorporated in it a return of service by a deputy marshal of the Municipal-Courts of Los Angeles County, and the affidavits of Leo J. Beck and Clifford House, private detectives who had been employed by Oppen. Hayes had been named in the original complaint and the first amended complaint as ‘ ‘ Charles E. Hayes. ’ ’ The affidavit of Oppen sought an order for service of the summons on the first amended complaint by publication thereof upon the grounds that after the exercise of due diligence Hayes could not be found within the state, and that Hayes was concealing himself to avoid the service of summons. Oppen deposed that after the marshal was unable to obtain service, he (Oppen) checked with the Department of Motor Vehicles with respect to an address for Hayes and was given an address which corresponded with the one at which Hayes had been served with the original complaint and summons. The return of service on the original
 
 *613
 
 complaint, contained in the superior court file, shows service to have heen made on Hayes on February 21, 1961, at “7260 Valaho Blvd., Tujunga, California.” The return of service on the first amended complaint, attached and made a part of Oppen’s affidavit, discloses that the deputy marshal could not find Hayes at the address shown as “7361 Foothill, Tujunga,” or at the address shown as “7260 Valaho, Tujunga.” Oppen stated further in his affidavit that he then contacted a representative of American who advised him that Hayes was employed in a Flying A service station on Foothill Boulevard in the Sunland-Tujunga area, whereupon Oppen personally visited every such named station between the City of Pasadena and the City of San Fernando, and talked to the operators of such stations at length, but could find no one who knew Hayes or who could furnish any clue as to his whereabouts.
 

 Oppen’s affidavit incorporated a complaint, in the form of a letter, made to the office of the Insurance Commissioner under date of August 28, 1961, and a letter of the same date addressed to American. The contents of these documents reveal generally that Hayes had been served with the original complaint but could not be found for service of the amended complaint; that Hayes had been booked upon the charge of violation of section 23101, Vehicle Code (felony drunk driving) arising from the accident in which Risk sustained her injuries; that a representative of American had interviewed Hayes while he was incarcerated on that charge; that a copy of the amended complaint and summons thereon had been sent to American by Oppen on August 1, 1961, but American had refused to defend on the ground that Hayes had refused to cooperate with his insurer; that inasmuch as Hayes was booked on a felony drunk driving charge after rear-ending Risk, there was no question of liability in the case, and that Risk’s injuries were severe; that Oppen offered a settlement of $9,500 on the assumption that the policy limits were $10,000; that the offer was made for the express purpose of reducing the claim to judgment and if not accepted, to thereafter pursue any excess judgment which might be obtained in the action against Hayes, against American; that Oppen would not seek a default judgment until American had a reasonable opportunity to defend.
 

 The affidavit of Leo J. Beck discloses that he was a duly licensed and bonded private investigator and had been employed on January 10, 1962, by the law firm of Thompson,
 
 *614
 
 Sherbourne & Oppen to locate Hayes; he was given an address at 9845 Sunland Boulevard in Sunland, California which he checked and was advised by the landlady at this address that Hayes was unknown there; that he checked with several of the neighbors in the area but Hayes was unknown to any of them; lie cheeked with the Department of Motor Vehicles 'and found one automobile listed for 1960, but no renewal for 1961 or 1962; he checked the drivers’ license division and received the report that Hayes’ license had been suspended; he received an address for Hayes from this source at 7361 Foothill Boulevard, Tu junga; he checked this address, but the landlady there, as well as the neighbors, knew nothing about Hayes; he checked the records of the County Assessor’s office but found no listing under Hayes name; he also checked with the Retail Merchants Credit Association and the Consumer Credit Corporation, and found that neither agency had any record relating to Hayes; he then checked the criminal records and found the following records relating to Hayes: “Subject had 39 drunk arrests; in 1935, he was in jail in the State Penitentiary in North Carolina; in 1936, he was also sentenced to the State Penitentiary (specific charge unknown) ; in 1952, subject was arrested for grand theft auto in New York and was sentenced to from one to five years in a New York penitentiary; in 1954, subject was convicted of parole violation; in 1960, there was a drunk driving charge; in June, 1961, there was a common drunk charge; on July 31, 1961, there was a common drunk charge; on August 21, 1961, another common drunk charge.
 

 “The last address which I was able to obtain from the police records was 4587 Mulberry in Riverside, California, which was the address to which subject was released after his 30-day sentence on August 21,1961.
 

 “He was described as a ‘common drunk and transient.’ ”
 

 The affidavit of Clifford House discloses that he is a licensed private investigator and was employed by Oppen to search for and locate Hayes; that on April 15, 1962, in the course of this employment, he went to the office of the Sheriff of Riverside County and checked the records there but found no record of Hayes; he then checked the records of the Police Department of the City of Riverside and found a record of arrest on Hayes made on April 28, 1961, for being drunk; this record disclosed an address for Hayes at 3471 Fifth Street, Riverside; a check at this address produced the information that the landlord had evicted Hayes from the premises at
 
 *615
 
 about the same time of his arrest upon the drunk charge above related, and that the landlord had no knowledge of Hayes’ present whereabouts; House then cheeked the address at 4587 Mulberry, Riverside, where he was informed that Hayes at one time visited a Mr. Paul Weaver, a former tenant at this address; House was referred to the Riverside Hotel for possible information concerning Hayes or Weaver; a check of the Riverside Hotel produced no record of either Hayes or Weaver; House then cheeked several bars in the area, and at the Imperial Bar, at 8th and Market Streets, he was informed that both Weaver and Hayes were known there but had not been seen there for sometime, and no information was available as to the whereabouts of either of them; House then left his business card at this bar, and on April 16, 1962, he received a collect telephone call from Weaver who had resided at 4587 Mulberry Street in Riverside; Weaver stated that he had not seen Hayes for over a year and when House questioned Weaver at length concerning Hayes, Weaver stated “he thought he might have left to see some friends out of state or else lie could have drank himself to death. ”
 

 The superior court file also discloses that a summons on the first amended complaint was, on January 29, 1962, placed in the hands of the Sheriff of Riverside County for service upon Hayes, and that on March 14, 1962, the sheriff made his return that Hayes was unknown at the address “4587 Mulberry, Riverside, California. ’ ’
 

 Based upon this showing, the trial court, on June 8, 1962, ordered service of the summons on the amended complaint to be made on Hayes by publication thereof, and that a copy be placed in the United States mail addressed to Hayes at 7361 Foothill Boulevard, Tujunga, California. The order for the publication of the summons was predicated upon the grounds as set forth in Oppen’s affidavit that Hayes “could not after due diligence be found within the State of California’’ and that he “Conceals himself to avoid service of Summons.’’ The showing made by the affidavit was sufficient to sustain the order for publication of summons upon both grounds upon which it was sought. Publication of summons followed in accordance with the order for publication.
 

 On July 31, 1962, Risk filed a request for entry of default of Hayes, and such default was entered on August 15, 1962. On June 7. 1963, the cause was heard as a default as against Hayes, the other named defendants, as well as the Does named as defendants, having been dismissed. Judgment followed in
 
 *616
 
 favor of Risk and against Hayes in the sum of $51,349.69 plus costs. This judgment was entered on July 2, 1963. The record in this action discloses that no motion was made to quash the service of summons or to set aside the judgment, and no notice of appeal from the judgment was filed.
 

 On March 20,1964, Risk filed an action in declaratory relief against American and others, number C 835478. The substance of her complaint in this action was that she was seriously injured on June 7, 1960, in an automobile accident arising out of the negligence of Hayes; she had sued Hayes and had received a judgment by default against him in the sum of $51,349.69 ; that Hayes was insured by American, and that on July 13, 1960, Risk had given American notice of her claim against Hayes; that on August 1, 1961, Risk had furnished American a copy of the complaint and summons in her action against Hayes, and had given American every opportunity to defend said action; that American had failed and refused to defend such action; that Risk had, on July 6, 1962, sent to American evidence of service of the amended complaint on Hayes by publication of the summons in said action; that on July 11, 1963, Risk sent a copy of the judgment against Hayes to American, and the latter refused to pay such judgment; that Risk offered to settle her claim against Hayes for an amount within the policy limits of the policy of American covering Hayes and that American had wrongfully and fraudulently refused such offer; Risk prayed for judgment declaring that American is liable to her for the full amount of her judgment against Hayes.
 

 On May 20, 1964, American filed its answer in the declaratory relief action. In its first affirmative defense, American alleged that the judgment obtained by Risk against Hayes was void in that the court never acquired jurisdiction of the person over Hayes by personal service or by publication of the summons or otherwise, and that such facts appear on the face of the record in the case of Risk v. Hayes (NWC 568). As a second affirmative defense, American alleged that whatever coverage Hayes may have had under the policy of insurance issued by American was voided by the failure of Hayes to cooperate with his insurer, as a result of which American suffered substantial prejudice. The third affirmative defense alleged, that the complaint failed to state a cause of action. Further prosecution of this declaratory relief action was enjoined by order of the trial court made August 2, 1965, in the present action until its final outcome on appeal.
 

 
 *617
 
 On March 19, 1965, Hayes filed an action against Risk, superior court number 856565. This is the action in which these appeals are taken. Hayes in this action alleges in substance that on February 9, 1961, Risk filed her action for damages against him, number NWC 568; that on April 18, 1961, Pislc filed her first amended complaint in such action; on June 8, 1962, an affidavit for the publication of summons on the first amended complaint was filed by James J. Oppen, a true copy of which is attached, marked exhibit A, and is incorporated herein by reference; that on June 8, 1962, based upon said affidavit, a judge of the superior court signed an order for publication of summons, a true copy of which is attached as exhibit B, and is incorporated herein by reference; proof of publication of the summons was filed in said action on July 5, 1962, a true copy of which is attached as exhibit C, and is incorporated herein by reference; on August 15,1962, the default of Hayes was entered, and a true copy of the written entry of default is attached, marked exhibit D, and is incorporated herein by reference; on June 7, 1963, a hearing was had, evidence was taken in support of the default judgment, and judgment was thereafter entered in favor of Risk and against Hayes in the sum of $51,349.69 and $53.60 costs.
 

 Paragraph IX of the complaint then alleges “that plaintiff did not reside at 7361 Foothill Boulevard, Tujunga, California, on June 8, 1962, or at any time between June 8, 1962, and August 15, 1962, but on the contrary plaintiff was residing in the States of Utah and Nevada during said periods and was not a resident of the State of California, and did not at any time conceal himself in the State of California to avoid service of summons.’’ The complaint further alleges in substance that Hayes first had knowledge of the publication of the summons on the first amended complaint, of the default, and of the default judgment on February 19, 1965; that Risk has filed an action against American, number C 835478, wherein she claims that American as the insurer of Hayes is liable to Risk for the full payment of the default judgment in action number NWC 568, and that said action is now pending ; Hayes has a good and sufficient defense to said action, in that the total amount of damages to which Risk would have been entitled, if the case had been properly defended, would not have exceeded $5,000 or some amount well within the policy limit of $10,000, which coverage Risk claims Hayes had with American; that the default judgment was the result of
 
 *618
 
 either extrinsic or intrinsic fraud or mistake, or was the result of mistake, surprise, inadvertence or excusable neglect, in that Hayes was in total and complete ignorance of the “alleged service” and that the court never acquired personal or any jurisdiction over Hayes in said action. The prayer of the complaint sought a decree vacating and setting aside the default judgment and asked for a restraining order, preliminary injunction, and a permanent injunction, restraining Bisk from executing upon the default judgment and from prosecuting further the declaratory relief action entitled Bisk v. American, number 0 835478, now pending.
 

 On April 9, 1965, a preliminary injunction was granted encompassing the relief sought as related in the prayer of the complaint above set forth. On May 4,1965, Bisk moved to consolidate the within action with her action against American. This was followed by a contempt citation initiated by counsel for Hayes and American. A demurrer was sustained to the declaration upon which the citation was issued, and on May 21, 1965, the court amended the preliminary injunction to restrain the consolidation of said actions.
 

 On June 10, 1965, Bisk filed her motion for judgment on the pleadings. This motion was granted and on July 20, 1965, judgment on the pleadings was entered. The provisions of this judgment also dissolved the preliminary injunction theretofore issued. Hayes appeals from the judgment and from the order dissolving the preliminary injunction. The notice of appeal in this connection was filed on July 23, 1965. On July 15,1965, Hayes filed an order to show cause why the preliminary injunction as modified should not be kept in force pending appeal. On July 28, 1965, the court denied the application for such an order but stayed its order denying the application for 48 hours. A motion to reconsider was filed and upon hearing, the order of July 28, 1965, was vacated and set aside and on July 30, 1965, the preliminary injunction as amended was reinstated to be effective pending this appeal, on condition that Hayes file an additional bond on appeal in the sum of $10,000. Bisk appeals from the order reinstating the preliminary injunction.
 

 Hayes urges reversal of the judgment and order upon five grounds.
 
 [1]
 
 Bisk urges that the trial court was without juris
 
 *619
 
 diction to reinstate the preliminary injunction after the notice of appeal from the judgment was filed by Hayes.
 

 The present action is one in equity, and constitutes a direct attack upon the default judgment on the grounds that the trial court did not acquire jurisdiction to render a personal judgment against Hayes for the reason that service of summons was never made upon him.
 
 (Bennett
 
 v.
 
 Hibernia Bank,
 
 47 Cal.2d 540, 558 [305 P.2d 20] ;
 
 Sternbeck
 
 v.
 
 Buck,
 
 148 Cal.App.2d 829, 832 [307 P.2d 970];
 
 County of Alameda
 
 v.
 
 Clifford,
 
 187 Cal.App.2d 714, 724 [10 Cal.Rptr, 144] ;
 
 People
 
 ex rel.
 
 Public Util. Com.
 
 v.
 
 Ryerson,
 
 241 Cal.App.2d 115, 123 [50 Cal.Rptr. 246].)
 

 Where a complaint is amended, a copy of the amended complaint must be served upon the defendants affected thereby. (Code Civ. Proc., § 432;
 
 Elder
 
 v.
 
 Spinks,
 
 53 Cal. 293, 294;
 
 Taliaferro
 
 v.
 
 Taliaferro,
 
 217 Cal.App.2d 211, 216, 219 [31 Cal.Rptr. 690].) The new pleading supersedes the original and furnishes the sole basis for the cause of action.
 
 (Legg
 
 v.
 
 Mutual Benefit H. & A. of Omaha,
 
 136 Cal.App.2d 887, 893 [289 P.2d 550, 290 P.2d 87];
 
 Morehead
 
 v.
 
 Turner,
 
 41 Cal.App.2d 414, 418 [106 P.2d 969].) The original complaint is dropped out of the case and ceases to have any effect as a pleading, or as a basis for a judgment.
 
 (Tidwell
 
 v.
 
 Henricks,
 
 124 Cal.App.2d 64, 66 [268 P.2d 84].) The record discloses that Hayes was personally served with a copy of the original complaint and the summons issued thereon, but no personal service of the first amended complaint and summons issued thereon was had. Under these circumstances the personal service of the original complaint on Hayes furnishes no basis for the rendition of an in personam judgment against him predicated upon the cause of action pleaded in the first amended complaint. The in personam default judgment, therefore, must rest upon the sufficiency and the validity of the service of the summons issued on the first amended complaint.
 

 A motion for judgment on the pleadings operates as a
 

 
 *620
 
 general demurrer to the complaint, and the averments of the complaint, for the purpose of the motion, must be treated as true.
 
 (Davis
 
 v.
 
 City of Santa Ana,
 
 108 Cal.App.2d 669, 685 [239 P.2d 656];
 
 Morris
 
 v.
 
 Harbor Boat Building Co.,
 
 112 Cal.App.2d 882, 886 [247 P.2d 589].) It is, of course, error to grant such a motion in favor of a defendant, if the complaint states a cause of action.
 
 (Dragna
 
 v.
 
 White,
 
 45 Cal.2d 469, 470 [289 P.2d 428].) In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. (Code. Civ. Proc., § 452.) “ ‘The rule of liberal construction does not, however, permit the insertion, by construction, of averments which are neither directly made nor within the fair import of those which are set forth’ ”
 
 (American Tel. & Tel. Co.
 
 v.
 
 California Bank,
 
 59 Cal.App.2d 46, 53 [138 P.2d 49]), and “such a rule should not be so applied as to allow an unmeritorious cause of action to be veiled by a subterfuge of loose and equivocal statements. Substantial justice requires that the essential facts appear at least by necessary implication from the allegations set forth.”
 
 (Risco
 
 v.
 
 Reuss,
 
 45 Cal.App.2d 243, 245 [113 P.2d 914].) It was Hayes’ position at the trial level, as it is here, that he could not possibly have concealed himself in the State of California to avoid the service of summons upon him because he was, in fact, residing in the States of Utah and Nevada between the time that service of the summons on the first amended complaint was ordered and the time of the entry of his default. He is discreetly and intentionally silent as to whether he concealed himself in the foreign jurisdiction to avoid service of summons upon him. Under the provisions of section 412 of the Code of Civil Procedure,
 
 [2]
 
 concealment to avoid service of summons is not limited to concealment within the State of California.
 

 Section 417 of the Code of Civil Procedure, as amended in 1957, provides: “Where jurisdiction is acquired over a person who is outside of this State by publication of summons in
 
 *621
 
 accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service.” In commenting on the provisions of sections 412, 413, 417 of the Code of Civil Procedure, our Supreme Court has said that as “
 
 ‘long
 
 provided by California law, a person who “resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons” is subject to service by publication (Code Civ. Proc., § 412). Under such circumstances, personal service outside the state is declared to be “equivalent to publication”
 
 (Ibid.,
 
 § 413). This statutory language is literally broad enough in its terms to authorize a personal judgment based on the extraterritorial service of process, either through “publication” or “personal service” on a defendant without the state. (See 37 Cal.L.Rev. 80, 84.) ’ (41 Cal.2d at 309-310.) We then reviewed
 
 Pennoyer
 
 v.
 
 Neff,
 
 95 U.S. 714 [24 L.Ed. 565], setting forth constitutional limitations on such jurisdiction and the subsequent cases, including
 
 Milliken
 
 v.
 
 Meyer,
 
 311 U.S. 457 [85 L.Ed. 278, 61 S.Ct. 339, 132 A.L.R. 1357], and
 
 International Shoe Co.
 
 v.
 
 Washington,
 
 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057], redefining such limitations. It was against this background that the Legislature enacted section 417, and we concluded that as 1 so based on the broad authority of sections 412 and 413, section 417 is manifestly designed to restrict the power of the court if a personal judgment is to be entered. Thus its operation is made dependent on defendant’s residence within the state either at the time of commencement of the action or time of service, and on his personal service wdth summons. ’ (41 Cal.2d at 312.) We held that personal jurisdiction could constitutionally be based on the defendant’s domicile here at the time of the commencement of the action, stating:
 

 ‘1 ‘ One main objection to service by publication on a person residing outside of the state is that due process requires fair notice. This was a consideration in
 
 Milliken
 
 v.
 
 Meyer, supra,
 
 11 U.S. 45, upholding a personal judgment against a domiciliary based on the personal service of process while absent from the state. It was there said at page 464: “One . . . incident of domicile is amenability to suit within the state
 
 *622
 
 even during sojourns without the state, where the state has provided and employed a reasonable method for apprising such an absent party of the proceedings against him.” The same principle on analogous reasoning applies where a domiciliary at the time of the commencement of the action thereafter changes his state of residence and is personally served with process in the latter state. As a citizen of the state wherein the action was commenced, he had certain responsibilities arising out of his relationship to that state by reason of domicile, one of which was amenability to suit therein. Such relationship and responsibility based on citizenship within the state are not terminated by his subsequent removal to another state, and he may be served with process pursuant to a method reasonably designed to give him notice of the proceedings brought against him in the courts of the state of his original domicile prior to his departure therefrom. We therefore conclude that section 417 satisfies the requirements of procedural due process, for no more certain provision for defendant’s receipt of actual notice of the institution of litigation against him could be made than through the specified personal service of process.
 
 (Milliken
 
 v.
 
 Meyer, supra,
 
 311 U.S. 457, 463; see 40 Cal.L.Rev. 156.)’ (41 Cal.2d at 312-313.)”
 
 (Owens
 
 v.
 
 Superior Court,
 
 52 Cal.2d 822, 827-829 [345 P.2d 921, 78 A.L.R.2d 388].)
 

 Considering the provisions of section 417 of the Code of Civil Procedure as a legislative restriction upon the power of the court if a personal judgment is to be entered, we must assume that the Legislature, in the enactment of these sections, did not discriminate, nor did it intend to discriminate, in favor of one who successfully conceals himself in a foreign jurisdiction to -avoid the service of summons, against one who successfully conceals himself within the state for the same purpose. It is obvious that it would be just as impossible to effect personal service of the summons upon the one as it would be upon the other, and we do not believe that the Legislature intended to require the performance of an impossible act, nor did it intend that the section should act as a shield to protect one who leaves the jurisdiction and intentionally conceals himself in a fore.ign jurisdiction to avoid the service of summons. (See 45 Cal.Jur.2d 625, § 116.) We believe that the requirement of personal service of the summons as contained in section 417 of the Code of Civil Procedure, the other conditions being fulfilled, relates to service upon one who is not concealing himself in a foreign jurisdiction and
 
 *623
 
 whose whereabouts outside the state are either known,
 
 or can
 
 be ascertained in the exercise of due diligence. In construing the provisions of section 417 of the Code of Civil Procedure it has been said: ‘1 Obviously the section presupposes a defendant whose whereabouts outside the State of California are known—one who can be reached in another state for personal service of summons. ’’
 
 (Cradduck
 
 v.
 
 Financial Indem. Co.,
 
 242 Cal.App.2d 850, 854 [52 Cal.Rptr. 90].)
 

 In the case at bench, copies of the original affidavits filed in support of the order for publication of summons on the first amended complaint in Risk v. Hayes, NWC 568, except for the return of service made by the Sheriff of Riverside County, are attached to and made a part of the plaintiff’s complaint herein. These affidavits show that Hayes was a resident of California at the time of the accident out of which the original action arose; that he was a resident of this state on February 9, 1961, when the action was commenced, and was a resident on February 21, 1961, when he was personally served with the original complaint and the summons thereon. The affidavits disclose that Hayes concealed himself to avoid the service of summons on the first amended complaint. As heretofore pointed out, the only allegation in plaintiff’s complaint bearing upon concealment is contained in paragraph IX thereof, and simply states the position of Hayes taken at the trial level, and taken here, that Hayes could not have concealed himself in California because he was, in fact, outside the jurisdiction when service was had upon him by publication of the summons. This is far short of the necessary allegation that Hayes at no time or place concealed himself to avoid the service of the summons. In the absence of such an allegation, Hayes failed to state a cause of action in equity for relief from the default judgment, and judgment on the pleadings was proper.
 

 It has been said that “A person who deliberately conceals himself to evade service of process is scarcely in a position to complain overmuch of unfairness in substitutive methods of notification enacted by the Legislature to cope with such situations. When it satisfactorily appears that a defendant by his own design successfully has secreted himself from the process server and thus thwarted personal service, it would indeed be anomalous to heed an assertion that he had been denied notice and an opportunity to be heard.”
 
 (Miller
 
 v.
 
 Superior Court,
 
 195 Cal.App.2d 779, 786 [16 Cal.Rptr. 36].)
 

 As to the appeal of Risk, it is well established that
 
 *624
 
 an appeal from the judgment does not deprive the superior court of jurisdiction and power to preserve the subject of the litigation until the final determination of the appeal.
 
 (City of San Diego
 
 v.
 
 Southern etc. Tel. Corp.,
 
 42 Cal.2d 110, 120 [266 P.2d 14];
 
 General Elec. Co.
 
 v.
 
 Federal Employees’ etc. Co.,
 
 132 Cal.App.2d 649, 650 [282 P.2d 941].)
 

 On petition for rehearing, Hayes asserts that the precise deficiency in his complaint, that he failed to allege that he did not conceal himself outside the jurisdiction of the State of California, was neither raised nor argued at the trial level, and was not the basis of the trial court’s determination to grant the motion for judgment on the pleadings. An examination of the superior court file discloses that this contention is not without merit. Hayes asks permission to amend his complaint to cure this deficiency. It is pertinent to note that in
 
 MacIsaac
 
 v.
 
 Pozzo,
 
 26 Cal.2d 809, at page 816 [161 P.2d 449], the Supreme Court referred to section 472c of the Code of Civil Procedure which provides that the question whether the trial court abused its discretion in sustaining a demurrer without leave to amend “is open on appeal even though no request to amend such pleading was made ’ ’ and then stated: “Since the reason for the rule is the same on a motion for judgment on the pleadings, the same result should obtain.” We believe the request to amend made by the plaintiff in his petition for rehearing, under the circumstances here shown, is meritorious and should be granted.
 

 The order which is the subject of the cross-appeal is affirmed. The judgment is reversed with directions to the trial court to grant the plaintiff leave to amend his complaint. Each party shall bear his or her own costs on this appeal.
 

 Ford, P. J., and Moss, J., concurred.
 

 A petition for a rehearing was denied on November 30, 1967, and the opinion and judgment were modified to read as printed above.
 

 *
 

 Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.
 

 [1]
 

 ‘‘I. An action in equity, to vacate and set aside a default judgment on the ground of lack of jurisdiction over the person where such jurisdiction is essential, is a direct attack upon said judgment.
 

 "II. Judgment on the pleadings cannot be sustained where the com
 
 *619
 
 plaint, most liberally viewed and construed, states any cause for relief in plaintiff.
 

 "III. Liberally construed, appellant’s complaint states a cause of action for relief from the default in personam judgment for want of jurisdiction over his person.
 

 "IV. The trial court memorandum decision does not support the judgment on the pleadings.
 

 "V. The order, dissolving the preliminary injunction, cannot be sustained on the ground that the court lacks jurisdiction to grant an injunction. ’ ’
 

 [2]
 

 i< Where the person on whom service is to be made resides out of the State; or has departed from the State; or can not, after due diligence, be found within the State; or conceals himself to avoid the service of summons; . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action; . . . such court, or judge, may mate an order that the service be made by the publication of the summons. ’ ’