Filed 7/9/13  Melkonians v. County of Los Angeles CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| ARA MELKONIANS, | B238912 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC456450) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Amy D. Hogue, Judge.  Affirmed.

Ara Melkonians, in pro. per., for Plaintiff and Appellant.

Gutierrez, Preciado & House and Calvin House for Defendant and Respondent.

_____

Plaintiff Ara Melkonians appeals from the trial court's judgment of dismissal sustaining the demurrer of the County of Los Angeles (County). This action arises from Melkonians's discharge from the Los Angeles County Sheriff's Department (Department). The County argues the trial court properly sustained the demurrer because (1) Melkonians did not comply with the prelawsuit claim requirements of the California Government Claims Act (Gov. Code, § 810 et seq.),[1] (2) the prelawsuit claim he did file was untimely under the Government Claims Act, and (3) his failure to overturn the administrative decision affirming his discharge bars this lawsuit. We agree with the County that Melkonians did not comply with the administrative claim requirements of the Government Claims Act and need not address the County's other contentions as a result. We affirm.

## FACTS AND PROCEDURE

Melkonians began working for the Department as a deputy in 1990. The County discharged Melkonians on or about July 22, 2004. The discharge was based on the allegation that he committed battery on his girlfriend on March 7, 2003. His girlfriend called the Department on March 7, 2003, and reported she had been the victim of a battery. A lieutenant from the Department interviewed her that evening.

The Los Angeles County Civil Service Commission (Commission) held an evidentiary hearing regarding Melkonians's discharge. The hearing officer found Melkonians had violated provisions of the County's manual of policy and procedures by committing domestic violence, violating state law, and behaving in a manner so as to discredit himself and the Department. The hearing officer further found Melkonians's discharge was reasonable discipline under the circumstances. On June 21, 2006, the Commission adopted the hearing officer's findings of fact and conclusions of law as its final decision.

Melkonians then filed a petition for a writ of mandate in the superior court. Based on an independent examination of the administrative record, the court found the weight of

---

[1] Further undesignated statutory references are to the Government Code.

the evidence supported the decision to uphold Melkonians's discharge, and it affirmed the Commission's decision. Melkonians appealed, and the court of appeal affirmed the trial court's denial of Melkonians's writ petition. He then filed a petition for review of the court of appeal decision, and the California Supreme Court denied Melkonians's petition on August 26, 2009.

On August 25, 2010, counsel for Melkonians presented a claim for damages to the County. The claim form asked Melkonians to "[d]escribe in detail how damage or injury occurred." He stated in response that he was "wrongfully terminated" by the Department. The form also asked: "Why do you claim County is responsible?" Melkonians stated the Department breached its contracts with him, including but not limited to the Department's policy and procedures manual, the Police Officer's Bill of Rights, and the "Memorandum of Understanding." The form further asked him to name any county employees "involved in [his] injury or damage." He identified only the lieutenant who interviewed his girlfriend on the evening he committed battery. The claim form also asked him to identify any witnesses to the damage or injury, and he listed only the girlfriend whom he had battered. Finally, the form asked him to list any damages incurred to date. He stated: "Loss of earnings and loss of future earnings."

On March 2, 2011, Melkonians commenced the instant action by filing a complaint for breach of implied-in-fact contract and breach of the covenant of good faith and fair dealing against the County. He voluntarily filed a first amended complaint (FAC) in September 2011 before the court could rule on the County's demurrer to the original complaint. The FAC deleted the original causes of action and replaced them with wholly different causes of action for whistleblower liability and intentional infliction of emotional distress (IIED). The FAC alleged new facts. It alleged Melkonians was discharged for reporting discrimination and abuse of other deputies, refusing to illegally plant evidence on a detained suspect, and refusing to illegally falsify a police report. He allegedly reported these instances of misconduct to his superiors. The FAC also alleged that, before his discharge, he was subjected to several years of mistreatment as a result of his whistleblowing activities, which caused him severe emotional distress. The cause of

3

action for IIED alleged this mistreatment included rumors around the station that he was "crooked" and openly referring to him as a "crook" and a "lowlife," telling him to "mind your own [expletive] business," and constantly threatening him with termination or demotion for refusing to falsify information in police reports.

The County demurred to the FAC on the ground that it was barred by res judicata and Melkonians's failure to comply with the Government Claims Act.[2] The trial court sustained the demurrer without leave to amend and dismissed the action. Melkonians timely appealed.

## STANDARD OF REVIEW

We review the FAC de novo to "determine whether [it] states facts sufficient to constitute a cause of action. [Citation.] And when [the demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see also *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591.)

## DISCUSSION

The California Government Claims Act governs all actions against public entities and public employees. (*Clark v. Optical Coating Laboratory, Inc.* (2008) 165

---

**2** In support of its demurrer, the County filed a request for judicial notice of materials from the Commission's proceedings, the prior writ proceedings, and Melkonians's August 2010 claim with the County. The record does not expressly indicate the trial court granted the request for judicial notice, but it is clear from the record the court sustained the demurrer on the grounds of res judicata and failure to comply with the Government Claims Act, which it could not have done without noticing these materials. We therefore presume the court granted the request for judicial notice. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [judgment or order of lower court is presumed correct, and all intendments and presumptions are indulged to support it on matters as to which record is silent].)

4

Cal.App.4th 150, 182; *County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1267.) "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity [citations] and creates 'a sympathetic bond between the administrative claim and the judicial complaint.' [Citation.] Each theory of recovery against the public entity '"must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the complaint were timely, the complaint is vulnerable to a demurrer . . . if it alleges a factual basis for recovery which is not fairly reflected in the written claim."'" (*Brownell v. Los Angeles Unified School Dist.* (1992) 4 Cal.App.4th 787, 793-794.)

Section 910 provides the administrative claim must state, among other things, the date, place and "other circumstances of the occurrence" that gave rise to the claim; a general description of the injury, damage, or loss incurred; and the names of any public employees causing the injury. (§ 910, subds. (c)-(e).) The purpose of the statute is to give "the public entity the opportunity to evaluate the merit and extent of its liability and determine whether to grant the claim without the expenses of litigation." (*Crow v. State of California* (1990) 222 Cal.App.3d 192, 202.)

In the case at bar, Melkonians's FAC was defective because he did not present his claims for whistleblower liability and IIED to the County before filing suit. He presented only an administrative claim for breach of contract, which he abandoned when he filed his FAC. (*Anmaco, Inc. v. Bohlken* (1993) 13 Cal.App.4th 891, 901 [amended complaint supersedes original and furnishes sole basis for cause of action, and original complaint ceases to have effect as a pleading].) Melkonians's cause of action for whistleblower liability is based on the whistleblower statute, California Labor Code section 1102.5, not a breach of contract. Similarly, the cause of action for IIED sounds in tort and is designed to redress invasions of the personal interest in emotional tranquility, not a breach of contract. (*Fletcher v. Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 402.) The bare statement in his claim that the Department breached the policy and procedures manual, the Police Officer's Bill of Rights, and the Memorandum of

5

Understanding does not correspond with the facts alleged in the FAC -- that he was discharged for reporting discrimination and abuse of others and for refusing to plant evidence and falsify reports, and that he suffered mistreatment and name calling. Moreover, his claim did not identify any emotional distress damages but cited only the loss of earnings as damages. And the only witness Melkonians identified was his girlfriend, while the only employee he identified as involved in his injury was the lieutenant who interviewed her after the battery. It seems apparent that his claim for "breach of contract" related to the battery incident, not the entirely distinct allegations of whistleblowing and IIED. These theories of recovery were not fairly reflected in the claim presented to the County. Melkonians deprived the County of the opportunity to evaluate the merits of the whistleblower and IIED causes of action, the extent of its potential liability, and whether to grant his claim without the expense of litigation. The FAC was therefore subject to demurrer. (*Brownell v. Los Angeles Unified School Dist.,* *supra*, 4 Cal.App.4th at p. 794.)

Melkonians contends we should "liberally interpret[]" his administrative claim that he was wrongfully terminated in breach of contract to include his whistleblower claim. This argument resembles the "judicially formulated 'substantial compliance' exception to the strict claims requirement" -- that is, that substantial compliance with the statutory claim requirements will excuse the effects of noncompliance. (*Fall River Joint Unified School Dist. v. Superior Court* (1988) 206 Cal.App.3d 431, 435; see also *Crow v. State of California*, *supra*, 222 Cal.App.3d at p. 202.) But the substantial compliance doctrine does not apply when the "factual basis for a cause of action is wholly absent from the claim," as it was in this case. (*Crow v. State of California*, *supra*, at p. 202.) There was not even partial compliance here, much less substantial compliance.

The trial court did not err in sustaining the County's demurrer. When the plaintiff imposes upon the public entity an obligation to defend a lawsuit based on a set of facts entirely different from those first noticed, "[s]uch an obvious subversion of the purposes of the claims act, which is intended to give the governmental agency an opportunity to investigate and evaluate its potential liability, is unsupportable." (*Fall River Joint*

6

*Unified School Dist. v. Superior Court*, *supra*, 206 Cal.App.3d at pp. 435-436.) Further, the court did not abuse its discretion in sustaining the demurrer without leave to amend. Melkonians did not identify any possible amendment that could cure this particular defect. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [burden is on plaintiff to "show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading"].)

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.

                                                            FLIER, J.

WE CONCUR:


            BIGELOW, P. J.


            GRIMES, J.

7