Argued and submitted August 17, affirmed November 2, reconsideration denied December 10, petition for review denied December 29, 1981 (292 Or 334)

RIDDLE,
*Appellant,*

*v.*

CAIN,
*Respondent.*

(No. 874-8, CA 17353)

635 P2d 394

Robert H. Grant, Medford, argued the cause for appellant. With him on the briefs was Grant, Ferguson & Carter, Medford.

John W. Eads, Jr., Medford, argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Eads, Medford.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a summary judgment for defendant in this action arising out of a vehicle accident. Defendant was an employe of Lake County acting in the course of his employment at the time of the accident. The trial court granted summary judgment on the ground that plaintiff did not comply with the Oregon Tort Claims Act notice requirement. ORS 30.275(1). We affirm.

The accident occurred in February, 1978. Plaintiff alleges that he delivered a notice in the form required by ORS 30.275(1) to an adjuster for the county's insurer and to the County Road Supervisor. Plaintiff does not contend that he presented a notice to the county clerk or that his notice was ever received by the county clerk.

At the relevant time, ORS 30.275(1) provided:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than herein provided, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

Under former ORS 15.080(3), a summons in an action against a county was required to be served on the county clerk.

■    Plaintiff argues that he substantially complied with ORS 30.275(1) by delivering his notice to the insurance company's adjuster, because all tort claims against the county were processed by the insurer and the county was precluded by the insurance policy from independently making payments or assuming obligations in connection with claims. Therefore, according to plaintiff, he presented the notice of his claim to the person who was in fact responsible for acting on it, so a notice to the county clerk was not required.

In *Brown v. Portland School Dist. #1,* 291 Or 77, 628 P2d 1183 (1981), the plaintiff contended that, although the statute requires that a notice of a claim be mailed by certified mail, his sending notices to the clerks of the defendant public bodies by regular mail, coupled with the clerks' actual receipt of the notices, constituted substantial compliance with ORS 30.275(1). A plurality of the Supreme Court agreed and stated:

> "To achieve the Act's purpose of prompt notice to public bodies, notice of claims must be timely received by the *correct official.* The amended statute describes the manner in which notice is to be given, but its purpose is to bar claims where proper notice is not received by the *proper official.* That purpose allows for substantial compliance with the notice requirements, but the margin for divergence from strict compliance is narrow.
>
> "* * * * *
>
> "Thus, we hold that where the notice required by ORS 30.275(1) is actually received by the *statutorily designated official,* the statute has been substantially complied with and the notice of claim is valid. Because plaintiff's allegations that proper notice was received by defendants and processed and investigated as tort claims are amenable to proof that proper notice was actually received by the correct officials, we hold that he has sufficiently pled substantial compliance with the notice requirement." (Emphasis added.) 291 Or at 82-83.

*See also, Dowers Farms v. Lake County,* 288 Or 669, 684-86, 607 P2d 1361 (1980).

The quoted language from *Brown* contradicts plaintiff's argument that he substantially complied with ORS 30.275(1). He did not present his notice to the correct official, and the notice was not actually received by that

official.[1] Plaintiff is not assisted by his argument that the insurance adjuster rather than the county clerk and the insurance company rather than the county's governing body were effectively responsible for processing his claim. The county's authority to buy insurance and the insurer's role in settling claims have nothing to do with the *notice* requirement of the Tort Claims Act. Whatever the legislature's purpose was in designating the county clerk as a recipient of notices under ORS 30.275(1), it clearly was not because the clerk has any authority to investigate, settle or defend against claims. *See* ORS 205.110 *et seq.*

■ Plaintiff also argues that, if his notice does not satisfy the requirements of ORS 30.275(1), the statute is arbitrary and capricious and violates his due process rights. Plaintiff reasons:

"ORS 30.275(1) in respect to invalidating all notices of claims which are presented in a manner not specified in the section is detrimental to the general welfare of society in that it deprives a person who has been injured by a governmental body of the right to give notice in some reasonable manner, even though the governmental body has in fact acquired actual notice of the claim.

"* * * * *

"It is not argued that the entire statute is unconstitutional as being unreasonable or capricious, as there is a rational basis for requiring a party with a potential tort claim to provide the governmental body with notice of the claim. However, where the specific requirements of notice become purely irrational and have no real and substantial relationship to the end which is providing the governmental body with notice, the provision of the statute is unconstitutional.

"* * * * *

---

[1] As in this case, ORS 30.275(1), as last amended by Oregon Laws 1977, chapter 823, section 3, was applicable in *Brown.* The statute was subsequently amended by Oregon Laws 1979, chapter 284, section 64, and by Oregon Laws 1981, chapter 350, section 1. The 1981 amendment takes effect on January 1, 1982.

The plurality opinion in *Brown* represented the views of three of the court's members. A fourth member concurred in the result for different reasons. Dissenting opinions, representing the views of three members of the court, asserted that the statute required strict compliance. Under the plurality opinion in *Brown,* the presentation of the notice in this case does not substantially comply with ORS 30.275(1). The presentation of course did not strictly comply with the statute and, therefore, would also have been considered insufficient by the judges who dissented in *Brown.*

"* * * [T]he invalidation of claims provision of ORS 30.275(1) is clearly contrary to the Act and, therefore, is irrational, arbitrary, has no real and substantial relationship to the purpose of the Act, does not promote the general welfare and is unconstitutional."

Plaintiff acknowledges that the legislature did not exceed constitutional limits by requiring the presentation of *some* kind of tort claim notice. There is no reason why the statutory specification of the officer to whom a notice must be presented to be effective is beyond the legislature's constitutional authority.

The summary judgment was properly granted.[2]

Affirmed.

---

[2] Plaintiff does not argue that the county's or the insurer's course of conduct gave rise to a waiver of the notice requirement or an estoppel to assert it. *See Brown v. Portland School Dist. #1,* 291 Or 77, 83, n 4, 628 P2d 1183 (1981), and the specially concurring opinion of Tongue, J., 291 Or at 85.