FOTI,
*Appellant,*
*v.*
YAMHILL COUNTY,
*Respondent,*

(No. 41-304, CA A20003)

637 P2d 205

Thomas C. Siel, Portland, argued the cause for appellant. With him on the brief was Lynch and Siel, P. C., Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were R. R. Bullivant, Deborah S. MacMillan and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

This is a personal injury action resulting from an automobile accident on a public highway maintained by defendant Yamhill County. Plaintiff's complaint alleges that notice was given to the county as required by ORS 30.275. The trial court granted defendant summary judgment on the basis that plaintiff failed to give adequate notice of the claim as required by ORS 30.275 and former ORS 15.080(3).

ORS 30.275(1) provides:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and of the representative or attorney, if any, of the claimant and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with * * * [former ORS 15.080(3)]. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than provided in this section, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

Former ORS 15.080(3), in effect at the time, provided that a summons shall be served:

"If against any county, incorporated city, school district or other public corporation, commission or board in this state, to the clerk or secretary thereof. If any such commission or board does not have a clerk or secretary, to any member thereof."

The admissions of the parties and the affidavit of plaintiff's counsel provide the following facts. Plaintiff's

attorney sent a letter by first class mail, within the statutory time and containing the requisite notice, to all three county commissioners and a person whom defendant calls an "administrative secretary," whose job is the supervision of other secretaries in the county office. Two of the commissioners and the secretary received the letter; the other commissioner did not recall receiving it.

■        Both parties agree that *Brown v. Portland School Dist. #1,* 291 Or 77, 628 P2d 1183 (1981), controls this case. In *Brown* the Supreme Court held that when the statutorily designated official had received notice of the tort action by first-class mail rather than certified mail there was substantial compliance with ORS 30.275(1). Plaintiff argues that there was substantial compliance in this case when the secretary and commissioners received the letter. The issue here is not, like *Brown,* proper *method* of notice; the issue is whether the proper *person* received notice. Although *Brown* holds that there is some elasticity in the manner of notice, we agree with defendant that it cannot be stretched to include these facts. *Riddle v. Cain,* 54 Or App 474, 635 P2d 394 (1981).

Plaintiff argues that because there was no evidence that there is "a clerk or secretary" of Yamhill County, the provision of ORS 15.080(3) that "if any such commission or board does not have a clerk or secretary, then, to any member thereof," applies, and the notice to the commissioners is sufficient. The affidavit of counsel and the admissions of the parties do not specifically state that Yamhill County had a clerk at the time in question. However, ORS 204.005(1)(b) provides:

> "There shall be elected at the general election, by the qualified voters of each county, the following county officers:
>
> "* * * * *
>
> "A county clerk."[1]

ORS 41.410(2) provides that courts may take judicial notice of "[W]hatever is established by law." The law requires Yamhill County to have a county clerk; plaintiff offered no evidence to the contrary; we take judicial notice that Yamhill County

---

[1] *See* also, ORS ch 203 for the general powers and duties of county clerks.

had a county clerk.[2] So, even if the last sentence of ORS 15.080(3) were applicable in this case, which it is *not,* because this is an action against the county, not against a "commission or board," the condition for its application did not exist.

> The pertinent language from *Brown* is
> "To achieve the Act's purpose of prompt notice to public bodies, notice of claims must be timely received by the correct official. The amended statute described the manner in which notice is to be given, but its purpose is to bar claims where proper notice is not received by the proper official. That purpose allows for substantial compliance with the notice requirements, but the margin for divergence from strict compliance is narrow." *Brown v. Portland School Dist. #1, supra,* 291 Or at 82.

Keeping in mind the rationale of *Brown* that "technically deficient claims should not be barred where the purpose of the statute is served," 291 Or at 81, we conclude that plaintiff's action here was beyond the margin for divergence.

■　　Plaintiff also argues alternatively that defendant is estopped to deny that proper notice was given or that the doctrine of waiver should apply, because defendant acted on the notice by investigating the claim. The only evidence of "action" on the part of defendant is the statement in the affidavit of plaintiff's counsel that he "* * * and his investigator had telephone contact with the Yamhill County Counsel and personnel within the Yamhill County Road Department." *Brown v. Portland School Dist. #1, supra,* 291 Or at 83, speaks specifically to plaintiff's argument. "If plaintiff's proof of substantial compliance fails, then waiver and estoppel will become material." The Supreme Court concluded that a plaintiff, to prevail on waiver, must show a decisive act indicating a purpose to waive the tort claims notice requirements. The court said:

> "Plaintiff's allegations that each defendant received a notice and processed and investigated it as a tort claim pursuant to ORS 30.275 does not sufficiently allege defendants' intentional relinquishment of their right to rely on proper notice as a condition precedent to commencement

---

[2] Home Rule Counties are not subject to ORS 204.005(1)(b), *see* Or Const, Art VI, § 10, ORS ch 203; however, we may take judicial notice of the fact that Yamhill County is not a Home Rule County under ORS 203.770.

of a tort action against them. Plaintiff alleges no clear, unequivocal or decisive act showing a purpose to waive the tort claims notice requirements; prudent public officials may well process and investigate alleged claims without intending to waive their objection to improper notice of such claims. * * *" 291 Or at 284.

Plaintiff has not made the necessary showing here. As to the estoppel theory, we conclude that the evidence does not support a claim of estoppel either by misrepresentation or by "standing by without action." *See Brown v. Portland School Dist. #1, supra,* 291 Or at 84-85.

Affirmed.