Argued and submitted August 28, 1981, affirmed March 8,
reconsideration denied April 13,
petition for review allowed May 11, 1982 (293 Or 146)

WEBB,
*Appellant,*

*v.*

HIGHWAY DIVISION OF THE OREGON
STATE DEPARTMENT OF TRANSPORTATION,
*Respondent.*

(No. 79-2119, CA A20056)

641 P2d 1158

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the briefs were Jan Thomas Baisch, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Richardson, Judges.

WARREN, J.

## WARREN, J.

This is a personal injury action arising from a collision between a vehicle driven by defendant's employe and plaintiff's automobile. The trial court granted summary judgment for defendant on the ground that plaintiff did not comply with the Oregon Tort Claims Act notice requirement, ORS 30.275(1), which at the relevant time provided:

> "Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and of his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection 3 of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than herein provided is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

The accident occurred on February 12, 1979. On March 7, 1979, plaintiff sent a notice of his claim by first class mail addressed to a claims investigator for the Department of Justice. The letter was received by the investigator, who acknowledged its receipt and stated that the claim would be investigated, which it was. At trial, both parties moved for summary judgment on the issue of notice.

On appeal, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. He makes three arguments: (1) he had substantially

complied with the notice requirement; (2) defendant had waived its right or is estopped to assert any defects in the notice; and (3) ORS 30.275 is unconstitutional, both on its face and as applied in this case.

■ Plaintiff maintains that *Brown v. Portland School Dist. No. 1.,* 291 Or 77, 628 P2d 1183 (1981), requires a finding that his notice of claim was adequate under the doctrine of substantial compliance. In *Brown,* a plurality of the court found that when the *statutorily designated official* had received notice of the claim by first class rather than certified mail, there was substantial compliance with ORS 30.275(1). In this case, notice was sent by regular mail to a claims investigator employed by the Department of Justice rather than to the Attorney General as required by statute. There is no evidence or contention made by plaintiff that the investigator or the Department of Justice was authorized by the Attorney General to receive a tort claim notice. There is no evidence that actual notice of the claim was received by the Attorney General or his office within 180 days after the accident in which plaintiff sustained his injury.[1] In two cases decided by this court subsequent to the Supreme Court's decision in *Brown,* we have rejected plaintiff's first contention. *Riddle v. Cain,* 54 Or App 474, 635 P2d 394, *rev den* 292 Or 334 (1981), held that when notice was not received by the statutorily designated official, it was not adequate. *See also, Foti v. Yamhill County,* 55 Or App 86, 89-90, 637 P2d 205 (1981), *rev den* 296 Or 581 (1982). Because plaintiff's notice was not received by the Attorney General, we find that he was not in substantial compliance with ORS 30.275(1).

Plaintiff argues that if there was not substantial compliance in this case, then defendant waived its right to challenge the sufficiency of the notice or should be estopped to assert it, because the investigator acknowledged receipt of plaintiff's claim, stated it would be investigated and then proceeded to investigate it without informing plaintiff of his non-compliance with ORS 30.275(1).[2]

---

[1] The only evidence in the record is that the first notice to the office of the Attorney General was received no earlier than January 4, 1980.

[2] We do not reach the issues of whether a public body can waive compliance with ORS 30.275(1), or whether public entities may be estopped to assert their right to notice in compliance with the statute.

The short answer to plaintiff's waiver contention is that if the right to insist upon notice complying with ORS 30.275 can be waived, waiver cannot result from conduct or inaction of a person not unauthorized to receive notice on behalf of defendant. It is not claimed that the state employe to whom notice was sent was the proper party to receive it, and it follows that any purported waiver by him would be beyond his authority. *Bankus v. City of Brookings*, 252 Or 257, 260, 449 P2d 646 (1969). Moreover, in *Brown v. Portland School Dist. No. 1, supra,* 291 Or at 84, the Supreme Court concluded that to prevail on a theory of waiver, plaintiff must show a decisive act indicating a purpose to waive the tort claim notice requirements. The court also stated that investigation of the claim was not sufficient to show an intentional relinquishment of the defendant's right to require proper notice under the statute. Nothing more occurred in this case, and we conclude that the facts do not show a waiver.[3]

Plaintiff contends that defendant should be estopped to challenge the adequacy of the notice on two theories: (1) traditional equitable estoppel; and (2) "standing by without action." The traditional theory of equitable estoppel requires a false representation and reasonable reliance thereon. *See Earls et ux v. Clarke et al,* 223 Or 527, 530-531, 355 P2d 213 (1960). "Standing by without action" requires unreasonable conduct amounting to negligence in failing to act. *Belleville v. Davis,* 262 Or 387, 398 n 6, 498 P2d 744 (1972); Prosser, *Law of Torts,* § 105 (4th ed 1971). To sustain either form, the party asserting estoppel must have suffered prejudice because of reasonable reliance upon the action or inaction claimed to create the estoppel. Here,

---

[3] Defendant, through the Attorney General's office, also made an offer of settlement which was withdrawn before trial. The offer was first made after the 180-day notice period had lapsed, and we do not find it to be relevant to the issues on appeal. Plaintiff was not misled to his prejudice by acts which occurred after the time for giving notice expired, *Waterway Terminals v. P.S. Lord,* 242 Or 1, 26, 406 P2d 556 (1965). Furthermore, even if the offer was evidence of intent to waive, its withdrawal prior to acceptance makes the totality of the facts upon which this claim of waiver depends less than a decisive act evidencing an intent to waive. As the Supreme Court noted in *Brown v. Portland School Dist. No. 1,* 291 Or 77, 84, 628 P2d 1183 (1981) "prudent public officials may well process and investigate alleged claims without intending to waive their objection to improper notice of such claims." An offer of settlement is a step in the processing of a claim and, unless accepted, is not an indication of an intent to waive any defense.

plaintiff's counsel testified on deposition that he was familiar with all of the provisions of ORS 30.275. His reliance on the notice, which in the trial court and on appeal he concedes was "technically deficient" in that it was not directed to the Attorney General was not reasonable. We find that plaintiff has failed to prove the elements necessary for estoppel under either theory. *See Brown v. Portland School Dist. No. 1, supra,* 291 Or at 84-85.

■ Plaintiff's final argument is that ORS 30.275(1) is unconstitutional on equal protection and due process grounds, both on its face; and as applied in this case, in that the statute arbitrarily discriminates between public tortfeasors and private tortfeasors. We addressed this issue in our opinion in *Brown v. Portland School Dist. No. 1,* 48 Or App 571, 576, 617 P2d 665 (1980), *reversed on other grounds,* 291 Or 77, 628 P2d 1183 (1981), and found that the notice requirement does not constitute an unconstitutional exercise of legislative power. The Supreme Court did not address this issue in *Brown,* and we adhere to our holding in that case.

■ Plaintiff also argues that the notice requirement is unconstitutional because it discriminates between those claimants who have complied fully with the statute and those whose notice was defective in some particular, but still adequate actually to notify a governmental body of the claim. This argument was not made below and, in any event, has no merit. If, as we said in *Riddle v. Cain, supra,* 54 Or App at 479, the legislature may enact a tort claim notice requirement, there is no reason why the statutory specification that the notice be delivered to a particular person in a particular form is beyond the constitutional powers of the legislature.

Summary judgment was properly granted.

Affirmed.