Argued and submitted July 14, reversed and remanded October 19, 1982

WEBB,
*Petitioner· on Review,*
*v.*
HIGHWAY DIVISION,
*Respondent on Review.*

(CA A20056,   SC 28576)

652 P2d 783

Raymond J. Conboy, Portland, argued the the cause for petitioner on review. With him on the briefs were Pozzi, Wilson, Atchison, Kahn & O'Leary and Jan Thomas Baisch, Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General.

CAMPBELL, J.

Peterson, J., filed a specially concurring opinion.

---

* Carson, J., sitting pro tempore.

## CAMPBELL, J.

Plaintiff brought this tort action for personal injuries following an accident between his vehicle and a truck driven by an employe of the Highway Division of the State of Oregon. Plaintiff, through his attorney, sent notice by regular mail to an employe of the Department of Justice who had authority to investigate tort claims and make settlements. The Oregon Tort Claims Act in effect at that time,[1] ORS 30.275(1), required notice to be given to the Attorney General personally or by certified mail, return receipt requested. The trial court held that proper notice had not been given and granted summary judgment for the defendant. The Court of Appeals affirmed. We hold that plaintiff substantially complied with the provisions of the statute and reverse.

Plaintiff urges four grounds for reversal. He contends that the notice given substantially complied with the statute; that even if it didn't, the state waived the notice requirement; that if there were no waiver, the state is estopped to assert defects in the notice because of its subsequent actions; and that the statute on its face and as applied violates Article I, Section 20 of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. We

---

[1] ORS.275(1) effective in 1979 stated:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than herein provided, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

The present statute allows notice to be given in four different methods. Actual notice by any means of communication is deemed sufficient.

are aware that jurisdictions presented with this constitutional argument concerning the notice requirements of tort claims acts have split on the question of their constitutionality, in that they provide disparate treatment of the victims of public and private tortfeasors, the former being disqualified by notice provisions which do not apply to the latter.[2] However, constitutional issues should not be decided when there is adequate statutory basis for decision. *Douglas County v. Briggs,* 286 Or 151, 156, 593 P2d 1115 (1979). Because of our decision in this case, we do not reach the constitutional, waiver, or estoppel issues.

In our inquiry of the propriety of summary judgment we are governed by the rule from *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978), which states that summary judgment must be cautiously invoked, and is only applicable when there is no issue of material fact and the moving party is entitled to judgment as a matter of law.

The accident occurred on February 12, 1979. On March 7, 1979, plaintiff's attorney sent a letter addressed to Mr. David Black, Department of Commerce, 428 Labor and Industries Building, Salem, OR 97310, containing information about the accident and asking for a confirmation of the receipt of the letter. Pertinent portions of that letter are as follows:

"Re: Dennis Webb
D/Injury 2/12/79

"Dear Mr. Black:

"I am writing to satisfy the notice requirements of the Oregon State Tort Claims Act found in Chapter 30 of ORS. My above-named client was injured as a result of the negligent operation of a State of Oregon two ton truck driven by State employee Jim DuBois in Coos County, Oregon.

"Please acknowledge receipt of my letter in writing on behalf of the State of Oregon.

"Very truly yours,"

---

[2] *See* Annotation, *Modern Status of the Law as to Validity of Statutes or Ordinances Requiring Notice of Tort Claim Against Local Governmental Entity.* 59 ALR3d 93.

Mr. Black's secretary replied with a form letter dated March 15, 1979, that acknowledged receipt and stated the claim was turned over to the liabilities claim division for disposition. Pertinent portions of that form letter are:

"DEPARTMENT OF JUSTICE
"LIABILITY CLAIMS DIVISION
"325 N.E. 13th, Suite 201
"Salem, Oregon 97310
"Telephone: (503) 378-6315
"* * *

[Inside address omitted].

"RE: Your Client: Dennis L. Webb
Date of Loss: 2-12-79
Claim Number: L03390

"Dear * * *:

"We acknowledge receipt of your March 7, 1979, notice of claim directed to the Department of Justice, State of Oregon. This matter has been turned over to the Liability Claims Division for disposition.

"Please direct your future correspondence to my attention, referencing our file number.

"We are investigating this matter and upon completion, we will contact you regarding our position.

"Very truly yours,
[/s/]
"David L. Black
"Liability Claims Adjuster"

The claim was then investigated. Black, in his deposition, stated that he had authority to investigate tort claims and to make settlements.

In *Urban Renewal Agency v. Lackey,* 275 Or 35, 41, 549 P2d 657 (1976), we held the purpose of the Tort Claims Act notice sections is to give the public body timely notice of the tort claim and to allow its officers an opportunity to investigate matters promptly and ascertain all necessary facts.

We decided *Brown v. Portland School District §1,* 291 Or 77, 628 P2d 1183 (1981) after the trial court granted summary judgment in the present case, construing the same statute. In that case we found that notice sent by

regular mail to the proper party and processed and investigated by the proper authorities was sufficient to withstand a demurrer. The three-justice plurality opinion stated:

"The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served. * * *. The doctrine of substantial compliance has previously been used by this court to avoid the harsh results of insisting on literal compliance with statutory notice provisions where the purpose of these requirements has been met." 291 Or at 81.

In *Brown, supra,* at page 82, we went on to state:

"Where the notice required by ORS 30.275(1) is actually received in the requisite time period by the statutorily designated official, the statutory purpose is satisfied. To automatically require that the notice be sent by certified mail under these circumstances would be to ignore the purpose of the statute and to make it a mere trap for the deserving but unwary claimant. * * *."

Justice Tongue concurred on the basis of waiver.

The present case is similar to the situation in *Brown,* in that in both instances notices were sent by regular mail and in both instances the claims were processed and investigated. In the present case the state also made at least one settlement offer. Thus *Brown* would indicate at this point in the inquiry the notice was sufficient, even though *Brown* is not a clear majority opinion.

We still must examine whether the technically improper form of address of the letter is fatal to the notice requirements. The statute required notice to be presented to the Attorney General. The Attorney General is the head of the Department of Justice.[3] There is little doubt that a letter addressed: "To the Attorney General, attention David Black" would be sufficient. In this case, the letter was addressed simply: "To David Black." To distinguish the two forms would be to find a distinction without a

---

[3] ORS 180.210 states:

"There hereby is constituted an executive department to be known as the Department of Justice. The Attorney General shall be the head of this department and the chief law officer for the state and all its departments."

difference. It appears that Black was indeed the proper person to receive this claim because he had the authority to investigate and settle claims. His office caused the claim to be disposed of in the regular manner. The state was in no way prejudiced because the letter was addressed to Black rather than to the Attorney General. Because we find the proper person received actual notice, we find that the present notice substantially complied with the statute.

There remains one final problem. The trial judge, in his opinion letter wrote:

"* * * merely stating that a person was injured in Coos County Oregon does not seem sufficient to inform the State of the place at which the injury occurred. I also question whether the reference in the letter which reads, 'Re: Dennis Webb, D/Injury 2/12/79' is sufficient to notify the State of the time of the injury because the body of the letter does not refer to the time of the injury."

The statute states the written notice must contain "* * * the time, place, and circumstances [of the damage] * * *." However, as we said in *Sprague v. Astoria,* 100 Or 298, 304, 195 P 789 (1921), considering notice provisions of municipal tort claims ordinance:

"* * * It doesn't appear that the city was ever misled by the failure of this description or made any objection to its sufficiency, or, that the officers were deceived in any way while making an investigation of the facts, or, that they ever desired a more definite description of the place of accident. * * *"

In the present case, the reply letter from the Department of Justice asked for no further information. The claim was received by a person authorized to investigate and make settlement offers. It was assigned a number and investigated to the point settlement offers were made. We hold the present notice was sufficient in that it gave adequate information to the agency for their investigation.

Reversed and remanded for further proceedings.

**PETERSON, J.,** specially concurring.

In concurring with the result in this case, it is again necessary to point out that the majority's analysis of ORS 30.275 is, today, no less an unwarranted judicial

excursion into the legislature's statute-making prerogative than it was when we decided *Brown v. Portland School District #1,* 291 Or 77, 628 P2d 1183 (1981).

The last six paragraphs of the majority opinion neither suggest nor compel the conclusion that the requirements of the statute were met. Rather, they show that the defendant either waived compliance with ORS 30.275 or it should be estopped to assert that the requirements of the statute were not met. *See* the dissenting and concurring opinions in *Brown,* 291 Or at 85-98.