Argued and submitted December 16, 1982, affirmed October 5, reconsideration denied November 18, petition for review denied December 6, 1983 (296 Or 195)

## ROBINSON,
*Appellant,*

*v.*

## SHIPLEY,
*Respondent.*

(80-1782-J-2; CA A24706)

669 P2d 1169

Larry J. Anderson, Eugene, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this tort action against defendant, a physician at Southern Oregon State College Student Health Center, alleging negligent treatment. The trial court granted summary judgment for defendant on the ground that plaintiff had failed to comply with the Oregon Tort Claims Act notice requirement, ORS 30.275(1), which at the relevant time provided:

> "Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and of his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection 3 of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by the subsection, or which is presented in any other manner than herein provided is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

We affirm.

The alleged negligent treatment occurred on or about September 27, 1978. On March 15, 1979, plaintiff's attorney sent the following letter to defendant:

> "Dear Dr. Shipley:
>
> "This office has been retained to investigate the present condition of CONNIE LYNN ROBINSON resulting from care and treatment received while a student at Southern Oregon College of Education. The treatment in question occurred during the month of October, 1978.
>
> "It is my understanding that you attended Miss Robinson professionally during that period of time. I would appreciate

receiving a medical report from you setting forth your findings, diagnosis, prognosis, and causation of her resulting condition. Enclosed you will find a medical authorization signed by Miss Robinson for release of this information."

Defendant subsequently made a copy of the letter available to an agent of the Attorney General's office within the 180-day period required by ORS 30.275(1). Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment, claiming the March 15, 1979, letter actually received by the Attorney General substantially complies with the written notice requirements in ORS 30.275(1).

■ The purpose of notice to public bodies under the Oregon Tort Claims Act is to give timely notice of the tort and to allow its officers an opportunity to investigate the matter promptly. *Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976). In addition, notice serves to provide the public body with a full opportunity to settle all meritorious claims without litigation. *Leonard v. State Highway Dept.,* 52 Or App 923, 630 P2d 885, *rev den* 291 Or 662 (1981). When the purposes of the notice requirement have been met, the court may use the theory of substantial compliance to ignore technical errors in notices otherwise proper in form and content, avoiding the often harsh results of insisting on strict compliance with the statute. *Webb v. Highway Division,* 293 Or 645, 652 P2d 783 (1982); *Brown v. Portland School Dist. #1,* 291 Or 77, 628 P2d 1183 (1981).

In *Brown,* the court held that, when the notice required by ORS 30.275(1) is actually received in the requisite time period by the statutorily designated official, the statutory purpose is satisfied. Because the parties here agree that the Attorney General actually received plaintiff's letter within the statutorily required 180-day period, any technical defects are not fatal and the adequacy of the form and content of the notice determines whether it is effective.

■■ Defendant argues that the letter failed to indicate that plaintiff had suffered any injury or to notify defendant of any claim or intent to make any claim by plaintiff. In *Leonard v. State Highway Dept., supra,* 52 Or App at 929, we explained that the underlying predicate for the notice provisions in the statute is the existence of a claim being made against a public body or official at the time notice is presented. Therefore, the

notice must contain a claim for relief of some kind by the party who seeks to rely on it. *Leonard v. State Highway Dept., supra.* The letter mailed on March 15, 1979, informed defendant that an investigation was underway and requested medical reports setting forth the physician's findings, diagnosis, prognosis and causation of plaintiff's resulting condition. The letter failed to identify any claim or intent to make a claim by plaintiff against defendant. For this reason, we conclude that plaintiff failed to fulfill the statutory requirement of ORS 30.275(1). Defendant, having not received notice of a tort claim being made by plaintiff, had no opportunity to investigate facts pertinent to plaintiff's claim or to seek a settlement without litigation. The trial judge did not err in granting defendant's motion for summary judgment.

Affirmed.