JACOBS,
*Appellant,*

*v.*

MACMILLAN,
*Respondent.*

(A 8210-06203; CA A33292)

719 P2d 504

Ivan S. Zackheim, Portland, argued the cause and filed the brief for appellant.

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff brought this legal malpractice action against the attorney who had represented her in a personal injury claim against Tri-Met arising from a collision. After agreeing to represent plaintiff, defendant spoke by telephone with an adjuster employed by Industrial Claim Service (ICS), which provided adjusting services for Tri-Met. Defendant wrote a letter to the adjuster, saying that he had been retained to represent plaintiff and stating the date and place of the accident giving rise to her claim. The adjuster responded in writing and acknowledged receipt of the letter. The adjuster's investigation of the accident included taking statements from plaintiff and various witnesses. Nearly two years later, ICS called defendant and informed him that plaintiff's claim had been denied because of a defective notice under ORS 30.275(1) of the Oregon Torts Claim Act (OTCA) as it existed at that time. Defendant notified plaintiff of the denial and advised her to obtain another attorney.

The new attorney filed an action against Tri-Met, alleging waiver and estoppel by Tri-Met of the tort claim notice provisions. The case was dismissed, and plaintiff did not appeal. Instead, this action was filed by that attorney. The trial court held, on the basis of *Webb v. Highway Division,* 293 Or 645, 652 P2d 783 (1982), that defendant had substantially complied with the notice requirements. Therefore, the court determined as a matter of law that defendant did not negligently fail to represent his client properly.

Plaintiff argues that the trial court erred in deciding that defendant was not negligent, because the question should have been whether defendant met his duty of reasonable professional care, not whether he substantially complied with the notice provisions of the statute. It surpasses our understanding how defendant's professional duty required him to do anything with respect to giving notice other than to comply with the statute. We agree with the trial court that, if defendant had complied with the notice provision, then no cause of action for legal malpractice could exist on the basis of inadequate notice.[1] The compliance issue is all that is before us.

---

[1] Defendant's failure to take any action to protect plaintiff's claim for two years after giving the purported notice was not raised in this appeal.

Plaintiff contends that defendant did not substantially comply, because the evidence does not show that the public body ever received the claim. Oregon courts have applied the theory of substantial compliance to many, but not all, versions of the OTCA notice requirements, including the applicable 1979 version. *See Webb v. Highway Division, supra.* The Supreme Court has found a purported notice sufficient if the purpose of notice is met by giving the agency an opportunity to investigate the matter to ascertain the necessary facts. *Urban Renewal Agency v. Lackey,* 275 Or 35, 41, 549 P2d 657 (1976). In *Webb v. Highway Division, supra,* 293 Or at 651, the Supreme Court held that, when a claim notice was received by a person authorized to investigate claims and make settlement offers and the claim actually was investigated, notice was sufficient. Even though *Webb* was decided several years after the occurrences here, the Supreme Court was not making new law in that case but merely applying established substantial compliance principles.

█    The facts are substantially agreed. Tri-Met was self-insured, and ICS handled all claims made against it. Defendant, on behalf of plaintiff, sent a letter identifying his represention and gave ICS notice that a claim was being made regarding the accident. ICS received and acknowledged that letter. It had the authority to, and did, open a claim file, assign a claim number, create a loss reserve and conduct a thorough investigation. ICS reported all established claim reserves to Tri-Met at least once a month. ICS also had limited authority to settle and pay claims and to draw checks on Tri-Met's account. Had the dismissal of the action against Tri-Met been challenged by an appeal, the principles identified in *Urban Renewal* and later applied in *Webb* would have compelled the reversal of that dismissal. *See Sola v. Closterman,* 67 Or App 468, 679 P2d 317, 68 Or App 381, 681 P2d 178, *rev den* 297 Or 547 (1984). We agree with the trial court that the notice given was sufficient to serve the purpose of OTCA and that defendant, as a matter of law, did not negligently fail to comply with the statute.

Affirmed.