Filed 11/8/17; Opinion on rehearing (reposting to provide correct docket number)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| OREGON STATE UNIVERSITY, | D071752 |
| Petitioner, | |
| v. | (Super. Ct. No. 37-2016-00014529-CU-PO-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| GEORGE R. SUTHERLAND, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate challenging an order of the Superior Court of San Diego County overruling a demurrer. Eddie C. Sturgeon, Judge. Petition granted in part.

Noonan Lance Boyer & Banach, Ethan T. Boyer; Higgs Fletcher & Mack and John Morris for Petitioner.

No appearance for Respondent.

Marc D. Adelman; Dentons US and Charles A. Bird for Real Party in Interest.

# I

## INTRODUCTION

Oregon State University (Oregon State) petitions for a peremptory writ of mandate directing the superior court to vacate an order overruling Oregon State's demurrer to George A. Sutherland's first amended complaint (complaint) and to enter a new order sustaining the demurrer without leave to amend. Oregon State contends the challenged order violates the federal Constitution's full faith and credit clause (Clause) (U.S. Const., art IV, § 1) because the complaint does not and cannot allege Sutherland's compliance with the Oregon Tort Claims Act's 180-day claims notice provision. (Or. Rev. Stat. Ann. § 30.275, subds. (1), (2)(b).)[1] Sutherland counters the Clause does not require his compliance with the provision because requiring compliance would violate California's public policy by effectively depriving him of a remedy against Oregon State. Sutherland alternatively contends, if the Clause does require compliance with the provision, he can amend the complaint to plead facts showing compliance.[2]

---

[1]     The provision states, "(1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body ... shall be maintained unless notice of claim is given as required by this section. [¶] (2) Notice of claim shall be given within the following applicable period of time[:] … [¶] ... [¶] (b) ...within 180 days after the alleged loss or injury." (Or. Rev. Stat. Ann. § 30.275, subds. (1), (2)(b).)

[2]     Sutherland raised this contention for the first time in a petition for rehearing, which, while neither advisable nor preferable, is allowable in some circumstances. (See *Hayes v. Risk* (1967) 255 Cal.App.2d 613, 628; but see *Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091–1092, abrogated on another point in *Martinez v. Combs* (2010) 49 Cal.4th 35, 62–66; *Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 570, fn. 15; *Cal. Coastal Com. v. Superior Court* (1989) 210 Cal.App.3d 1488, 1501, fn. 10.)

We agree the superior court should have sustained Oregon State's demurrer because the Oregon Tort Claims Act's claims notice provision is entitled to full faith and credit in California. The provision does not conflict with or violate California's public policy and declining to give the provision full faith and credit would evince an impermissible policy of discriminatory hostility to the provision. As Sutherland has belatedly demonstrated he can plead facts showing compliance with the provision, we grant the petition in part and direct the superior court to vacate its order overruling Oregon State's demurrer and enter a new order sustaining the demurrer with leave to amend.

II

BACKGROUND

Sutherland's complaint asserts causes of action for negligence and negligent misrepresentation against Oregon State.[3] The complaint alleges Sutherland was severely injured when a crane he was operating tipped over. At the time, he was using the crane to load a stack container owned by Oregon State onto a vessel owned by his employer, the Scripps Institution of Oceanography, a department of the University of California, San Diego. The stack container's weight was not displayed on its exterior and was not accurately recorded on the bill of lading provided by Oregon State.

---

[3] The complaint asserts other negligence-related causes of action against other parties. Those parties and causes of action are not before us in this proceeding.

3

Oregon State demurred to the complaint, asserting the complaint fails to state facts sufficient to constitute claims for negligence and negligent misrepresentation against Oregon State because the complaint does not and cannot allege compliance with the Oregon Tort Claims Act's claims notice provision. Oregon State argued the Clause requires such compliance.[4]

Sutherland opposed the demurrer, arguing Oregon State lost the benefits and protections of the Oregon Tort Claims Act when Oregon State consciously decided to engage in activities in California causing injury to a California resident. Sutherland also argued applying the Oregon Tort Claims Act, particularly its claims notice provision, would violate California's public policy of protecting the legal rights of its citizens and ensuring they are fully compensated by injuries caused by others.

Oregon State countered that applying the Oregon Tort Claims Act's claims notice provision would not undermine California's public policy because California's Government Claims Act (Gov. Code, § 810 et seq.) contains similar claims notice provisions (see Gov. Code, §§ 911.2, subd. (a), 945.4)[5] and both acts share similar

---

4      Oregon State also argued the comity doctrine requires such compliance; however, Oregon State is not relying on the comity doctrine to support its position in this writ proceeding.

5      Government Code section 911.2, subd. (a) provides: "A claim relating to a cause of action ... for injury to person ... shall be presented ... not later than six months after the accrual of the cause of action."

Government Code section 945.4 provides: "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to

4

governmental purposes. Conversely, not applying the Oregon Tort Claims Act's claims notice provision would be hostile to and discriminate against Oregon in violation of the Clause.

The court overruled the demurrer. The court acknowledged California and Oregon have similar government claims notice provisions, but found the Oregon Tort Claims Act has a damages cap and California's Government Claims Act does not.[6] The court further found California's public policy of protecting people injured within its borders would not be promoted by applying the Oregon Tort Claims Act because applying it would only benefit Oregon's public fisc and effectively deprive Sutherland of a remedy against Oregon State.

III

DISCUSSION

A

We review a decision to overrule a demurrer de novo. (*Green Valley Landowners Assn. v. City of Vallejo* (2015) 241 Cal.App.4th 425, 432.) The federal Constitution provides, "Full Faith and Credit shall be given in each State to the public Acts, Records,

---

presented ... until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board."

[6] The Oregon Tort Claims Act's damages cap provision (Or. Rev. Stat. Ann. § 30.271) is distinct from its claims notice provision. The parties have not provided nor have we located any authority requiring both provisions to be entitled to full faith and credit in order for either provision to be entitled to full faith and credit. As the claims notice provision is the only provision directly before us in this writ proceeding, we confine our analysis to this provision.

5

and judicial Proceedings of every other State."  (U.S. Const., art. IV, § 1; *Franchise Tax Bd. v. Hyatt* (2003) 538 U.S. 488, 494 [123 S.Ct. 1683, 155 L.Ed.2d 702] (*Hyatt I*).)  A statute is a public act under this provision.  (*Franchise Tax Bd. v. Hyatt* (2016) ___ U.S. ___ [136 S.Ct. 1277, 1281, 194 L.Ed.2d 431] (*Hyatt II*).)  Consequently, the Oregon Tort Claims Act, including its claims notice provision, is entitled to full faith and credit in California.

However, the entitlement to full faith and credit is not absolute.  On subject matters in which California is competent to legislate, the Clause does not require California to apply another state's statute if the other state's statute reflects a conflicting and opposing policy.  (*Hyatt I*, *supra*, 538 U.S. at pp. 494, 496; *Hyatt II*, *supra*, 136 S.Ct. at p. 1281.)  Additionally, " ' "for [California's] substantive law to be selected in a constitutionally permissible manner, [California] must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." ' "  (*Hyatt I*, at pp. 494–495.)

California is undoubtedly competent to legislate on the subject matter of personal injuries to one of its citizens within its borders.  (*Hyatt I*, *supra*, 538 U.S. at p. 494.)  California also has sufficient contacts to apply its substantive law in this case as Sutherland was injured while working here.  (*Id.* at p. 495, citing *Carroll v. Lanza* (1955) 349 U.S. 408, 413 [75 S.Ct. 804, 99 L.Ed. 1183] ["The State where the tort occurs certainly has a concern in the problems following in the wake of the injury"]; *Pac. Emplrs Ins. Co. v. Indus. Accident Comm'n* (1939) 306 U.S. 493, 503 [59 S.Ct. 629, 83

6

L.Ed. 940] ["Few matters could be deemed more appropriately the concern of the state in which [an] injury occurs or more completely within its power"].)

Nonetheless, applying the Oregon Tort Claims Act's claim notice provision would not conflict with or violate California's public policy as California's Government Claims Act has similar claims notice provisions (See Gov. Code, §§ 911.2, subd. (a), 945.4). Moreover, both acts' provisions serve similar purposes, including allowing investigation of claims while evidence is fresh and available, facilitating settlement of meritorious claims, and addressing the circumstances giving rise to the claims.  (Compare *Dunn v. City of Milwaukie* (2015) 270 Or.App. 478 [348 P.3d 301, 307]; *Robinson v. Shipley* (1983) 64 Or.App. 794 [669 P.2d 1169, 1171]; with *Westcon Construction Corp. v. County of Sacramento* (2007) 152 Cal.App.4th 183, 200; *Nelson v. Superior Court* (2001) 89 Cal.App.4th 565, 573.)  Further, both acts' provisions function similarly by precluding a personal injury claimant from maintaining an action against a covered public entity unless the claimant has provided notice of the claim to the public entity within six months of the claim's accrual.  (Compare Or. Rev. Stat. Ann. § 30.275, subds. (1), (2)(b), with Gov. Code, §§ 911.2, subd. (a), 945.4.)  Lastly, both acts' provisions apply to public colleges and universities.[7]  (Compare Or. Rev. Stat. Ann. §§ 174.109, 174.117, subd. (1)(i), 30.260, subd. (4)(a), with Gov. Code, § 811.2.)

---

[7]     California's Government Claims Act applies to the Trustees of the California State University and to community college districts, but "does not apply to claims against the Regents of the University of California." (Gov. Code, § 905.6; see *id*., § 911.2.)  The exemption for the University of California does not represent a conflicting public policy for purposes of our full faith and credit analysis.  Rather, the exemption reflects the

7

Even if the Oregon Tort Claims Act's claims notice provision did conflict with or violate California's public policy, California may only decline to apply the provision on this ground as long as the decision to do so does not evince a policy of discriminatory hostility to the provision.  (*Hyatt II*, *supra*, 136 S.Ct. at p. 1281.)  Here, a decision declining to apply the provision would evince a policy of discriminatory hostility to the provision because the decision would create a special rule allowing a suit to proceed against Oregon State under circumstances that would preclude a comparable suit against a comparable California public entity.  (*Id.* at p. 1282.)  While California has a public policy interest in ensuring adequate recourse for injuries to its citizens, the United States Supreme Court has determined this interest is not sufficient to justify disregarding the

University of California's unique constitutional status, which allows it to function "in some ways as an independent sovereign."  (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 890.)  As the California Supreme Court has explained, " 'The California Constitution establishes the Regents [i.e., the University of California] as a "public trust ... with full powers of organization and government."  (Cal. Const., art. IX, § 9, subd. (a).)  [The Supreme Court has] observed that "Article IX, section 9, grants the [R]egents broad powers to organize and govern the university and limits the Legislature's power to regulate either the university or the [R]egents.  This contrasts with the comprehensive power of regulation the Legislature possesses over other state agencies."  [Citation.]  This grant of constitutional power to the University includes the grant of quasi-judicial powers, a view that is generally accepted in [California] jurisprudence.  [Citations.]  [¶] The Regents may also exercise quasi-legislative powers, subject to legislative regulation.  Indeed, "policies established by the Regents as matters of internal regulation may enjoy a status equivalent to that of state statutes."  [Citations.]  The authority granted the Regents includes "full powers of organization and government, subject only to such legislative control as may be necessary to insure compliance with the terms of the endowment of the University and the security of its funds."  [Citation.]  Thus, "[t]he Regents have been characterized as 'a branch of the state itself' [citation] or 'a statewide administrative agency' [citation]" [citation], and "[i]t is apparent that the Regents as a constitutionally created arm of the state have virtual autonomy in self-governance" [citation].' "  (*Miklosy v. Regents of University of California*, *supra*, at pp. 889–890.)

8

Clause.  (See *id*. at p. 1282.)  Consequently, we conclude the superior court erred by overruling Oregon State's demurrer.[8]

B

This conclusion does not end our inquiry.  We must further determine whether Sutherland has demonstrated a reasonable possibility he can cure the pleading defect by amendment.  (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; *Green Valley Landowners Assn. v. City of Vallejo*, *supra*, 241 Cal.App.4th at p. 432.)

To comply with the Oregon Tort Claims Act's claims notice provision, a plaintiff must file a claim or a complaint within 180 days after his injury.  (Or. Rev. Stat. Ann. § 30.275, subds. (1), (2)(b), (3)(c).)  The 180-day period does not begin to run until the plaintiff has had reasonable opportunity to discover his injury and the identity of the responsible party.  (*Doe v. Lake Oswego Sch. Dist.* (2013) 353 Ore. 321 [297 P.3d 1287, 1292]; *Adams v. Oregon State Police* (1980) 289 Ore. 233 [611 P.2d 1153, 1156].) " '[A]n "injury" is discovered when a plaintiff knows or should have known of the existence of three elements:  (1) harm; (2) causation; and (3) tortious conduct.' "  (*Turner v. State* (2015) 270 Ore.App. 353 [348 P.3d 253, 257] (*Turner*).)

 "Application of the discovery rule gives a plaintiff a reasonable opportunity to become aware of his or her claim.  [Citation.]  The point in time when an investigation

---

8    Footnote 4 in *Hall v. University of Nevada* (1972) 8 Cal.3d 522, 526 (*Hall*), upon which Sutherland relies, does not alter our conclusion.  The *Hall* case predates both the *Hyatt I* and *Hyatt II* cases and does not discuss, much less apply, the Clause.  It, therefore, offers no relevant guidance for this writ proceeding.

9

would have disclosed facts that made a reasonable person aware of a substantial possibility of injury marks the beginning of the limitations period—*not the earlier point in time when plaintiff first had a duty to investigate*." (*Turner*, *supra*, 348 P.3d at pp. 257–258, italics added.)

"Generally speaking, the factual determination of when a reasonable person would have been aware of the substantial possibility of the elements of a claim is a jury question." (*Turner*, *supra*, 348 P.3d at p. 258.) "A court cannot decide that question as a matter of law unless the only conclusion that a reasonable trier of fact could reach is that the plaintiff knew or should have known the critical facts at a specified time." (*Doe v. Lake Oswego Sch. Dist.*, *supra*, 297 P.3d at p. 1295.)

Here, relevant to the discovery rule, Sutherland's operative complaint alleges, on the morning of the accident, Sutherland was presented with bills of lading showing Oregon State had two stack containers, each weighing 14,500 pounds. Sutherland successfully loaded the first stack container, but when he started loading the second stack container, which did not have its weight marked on its side, he noticed it felt much heavier than the first one. He tried to return it to the ground when the crane tipped over and crushed him.

These allegations indicate Sutherland had knowledge on the day of the accident that conduct by Oregon State may have caused him harm. However, "mere knowledge that governmental conduct caused harm is insufficient to commence the [180-day claims notice period]; the plaintiff must also reasonably know the tortious nature of the

10

governmental conduct—that the conduct was negligent or intentionally harmful." (*Turner*, *supra*, 348 P.3d at p. 258.)

Sutherland contends he can add allegations to the complaint indicating (1) he was not allowed access to the crane or to witness interviews until after the conclusion of proceedings before the California Department of Industrial Relations Division of Occupational Safety and Health; (2) once he had access to this information, he found evidence suggesting the second stack container was overweight because Oregon State caused or allowed it to take on water; (3) this was his first notice of the tortious nature of Oregon State's conduct; and (4) he filed his complaint within 180 days of learning this information. Oregon State denies the truth of these allegations and will undoubtedly vigorously contest them at an appropriate point in the superior court. Nonetheless, for purposes of determining whether Sutherland should be granted leave to amend the complaint, these allegations satisfy Sutherland's burden of demonstrating a reasonable possibility he can cure the complaint's pleading defect by amendment.

IV

DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order dated January 18, 2017, overruling Oregon State's demurrer to Sutherland's first amended complaint and enter a new order sustaining the demurrer with leave to amend. The stay issued by this court on March 2, 2017, is vacated. Oregon State is awarded its costs in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A), (2).)


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


HALLER, J.

12